Shaw, C. J.
The court are of opinion, that the directions ot the court of common pleas were right on both points. The action for money had and received well lies, where money has been delivered to one to be applied to a particular purpose, and he has neglected or refused so to apply it. Such a case was proved, prima facie, for the plaintiff.
The proof of usage, we think, was properly rejected. It was not the usage of any particular place, or trade, or class of dealers, or course of dealing; it was of a general usage, to control the rules of law.
And so we think an advance of money to a house in Rochester, by the defendant, in his own name, for the purchase of flour not delivered, actually or by construction of law, was not a good execution of the stipulation with the plaintiff, on which the defendant received the money. It vested no property in the plaintiff, and it did not even give him a claim on Beebe & Co. And there is no proof that the inchoate purchase made of Beebe & Co. was intended, at the time, as a purchase on account of the plaintiff. We should lay no stress on the fact, that the defendant made the purchase of flour in his own name, if it had been in fact made on account of the plaintiff, and for his use. Had he actually purchased and forwarded the flour, either to the plaintiff or to his own address^ with evidence showing that it was intended for the plaintiff, though lost on the way, it would have presented a very different question. As it is, there is no evidence to show that the advance to Beebe & Co. was intended as an application of the plaintiff’s money, even if such an advance, without some further act done, would have been a good performance of his stipulation with the plaintiff.

Exceptions overruled